SWIFT, Judge.
Defendant-appellant, Department of Public Safety, has perfected this appeal from a judgment of the trial court granting a restricted driver’s license under LSA-R.S. 32:415.1 to plaintiff-appellee James L. Boone. We reverse.
The plaintiff pled guilty and was sentenced for three violations of LSA-R.S. 14:98, i. e., driving while intoxicated. The offenses were committed on August 7,1971, August 6, 1976, and March 29, 1978.
On or about January 25, 1979, petitioner received notice from the department that his driving privileges were being suspended for one year as a result of the findings of an administrative hearing held on December 27, 1978. Thereafter, Mr. Boone filed a petition for judicial review, alternatively asking for restricted driving privileges due to economic hardship and necessity. The trial court’s judgment is silent as to the plaintiff’s main demand. It simply grants him a restricted license in order for plaintiff to “provide for the necessities of life for his mother and himself.”
Although its order is not in the record, the department obviously revoked the plaintiff’s driver’s license for 12 months pursuant to LSA-R.S. 32:414B(2), which is mandatory when any person is convicted of a second or subsequent offense of driving while under the influence of intoxicating beverages.
In granting petitioner a restricted license, the trial court applied LSA-R.S. 32:415.1 which provides in part:
“A. (1) Upon suspension, revocation, or cancellation of a person’s drivers license for the first time only as provided for under R.S. 32:414(B), (C), (D), (E), and R.S. 32:415 said person after initial notice from the department shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood.” [Emphasis added]
While the matter is not beyond question, the record indicates the department neglected to revoke plaintiff’s license for his second offense as required by LSA-R.S. 32:414B(2) and that its January revocation order was issued as a consequence of the third offense. The department contends this is of no significance. Its position is that as the law mandates a 12 months revocation of a person’s driver’s license on his second and each subsequent DWI conviction, the revocation involved in the present case was not “for the first time only.” In view of the conclusion we have reached it is unnecessary for us to decide this issue.
At the trial Mr. Boone testified that he is an unmarried man 48 years of age and lives in the home of his 75 year old mother in Evangeline, Louisiana. He takes her to all places that she wishes to go. The mother owns a car, which she should not drive but does infrequently. There is another son who also lives in her home. The plaintiff is *DCXVII totally disabled and does no work. He has to go to doctors on occasions and uses his car for such purpose. However, he said that because of his condition he would probably have to get someone to drive if it was necessary for him to make a long trip to a doctor’s office and he indicated that this could be done. Plaintiff is presently taking several types of medication which could impair his driving ability. It is obvious that Mr. Boone does not need driving privileges to earn a livelihood because he does not work. We are also convinced that the revocation of his license will not deprive him or his family of the necessities of life. He can get someone to drive him to the doctor and other places when necessary and his brother can drive the mother where she needs to go.
We therefore conclude that the trial judge was manifestly in error in granting plaintiff a restricted driver’s license.
For the reasons assigned, the judgment of the district court is reversed and judgment is hereby rendered in favor of the defendant, State of Louisiana, Department of Public Safety, against the plaintiff, James L. Boone, dismissing this suit, all at plaintiff’s costs.
REVERSED AND RENDERED.
DOMENGEAUX, J., concurs and assigns reasons.